IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

DANNY WILSON BROWNING         §

VS.                           §   CIVIL ACTION NO. 1:05cv390

SHANE GRAY, ET AL             §

## MEMORANDUM OPINION

Plaintiff Danny Wilson Browning, proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 against Captain Shane Gray, Captain Charles McMurray, Sergeant Daryl McCall and Sergeant Leroy Anderson.

## Factual Allegations

Plaintiff alleges that on September 14, 2004, at approximately 7:00 p.m., he was called to the Administration Building along with four other inmates. When he arrived at the building, he was taken into a room with three of the other inmates. The fourth inmate did not come to the building.

Plaintiff states defendant Gray wanted to discuss a problem that the inmates had been having for three to four months. He states the inmates had previously been summoned to discuss the matter with defendant Gray.

Plaintiff states that as he had done previously, defendant Gray made threats against the inmates, including threatening to file false disciplinary cases against them, transferring them to other units and placing them in administrative segregation. Plaintiff states he had filed grievances against defendant Gray because of similar threats made seven weeks earlier.

Plaintiff alleges that at some point during the discussion, defendant Gray decided he was the root of the problem. He then sent one inmate back to his building and told plaintiff and the other two inmates to wait outside the administration building.

At approximately 8:00 p.m. on the same evening, defendants Gray, McCall and Anderson came to the waiting area. Plaintiff was placed in hand restraints while defendant Gray summoned Officer Spivey to escort plaintiff to another building. One of the other inmates was taken to the infirmary for a physical. The other inmate was left in the waiting area.

Plaintiff was taken to the dayroom of Building 11 and locked inside until almost 3:00 a.m. the next morning. During this time defendant Anderson, acting on defendant Gray's instructions, was writing a disciplinary case charging plaintiff with assaulting one of the other inmates. Defendant McCall investigated the disciplinary charge. Plaintiff states the investigation should have included a statement from him. However, plaintiff states defendant McCall fabricated a statement in which plaintiff refused to deny assaulting the other inmate.

Plaintiff alleges that after a disciplinary hearing held on October 1, 2004, defendant McMurray found him guilty of the offense charged. He states there was no evidence to support the conviction. Plaintiff states that as a result of the conviction he was subjected to greater restrictions and was required to forfeit previously earned good conduct time credits.

Standard of Review

An *in forma pauperis* proceeding shall be dismissed pursuant to

28 U.S.C. § 1915A(b) if: (1) it is frivolous, malicious or fails to state a claim upon which relief may be granted or (2) it seeks monetary relief from a defendant who is immune from such relief.

The Supreme Court has considered when a complaint is frivolous. In *Neitzke v. Williams,* 490 U.S. 319, 325 (1989), the Court held "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact." The Court went on to say that a claim is legally frivolous under Section 1915 when it is based on "an indisputably meritless legal theory." *Id.* at 327.

A complaint may be dismissed for failure to state a claim if it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41 (1957); *House the Homeless, Inc. v. Widnall*, 94 F.3d 176 (5th Cir. 1996). In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Association*, 987 F.2d 278 (5th Cir. 1993).

<u>Analysis</u>

*Retaliation*

Plaintiff implies that defendant Gray acted with a retaliatory motive when he arranged to have the disciplinary case filed against plaintiff.

A prison official may not retaliate against or harass an inmate because the inmate exercised a constitutional right, such as by filing a grievance or lawsuit against an officer. *See Gartrell*

*v. Gaylor*, 981 F.2d 254 (5th Cir. 1993); *Gibbs v. King*, 779 F.2d 1040 (5th Cir.), *cert. denied*, 476 U.S. 1117 (1986).[1] To state a cause of action for retaliation, an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the incident complained of would not have occurred. *Woods v. Smith*, 60 F.3d 1161 (5th Cir. 1995). This places a significant burden on a plaintiff. *Id*. The plaintiff "must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'" *Woods*, 60 F.3d at 1166 (quoting *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988)).

In this case, plaintiff has not provided direct evidence that any of the defendants acted with a retaliatory motive with respect to the disciplinary charge. In addition, the facts alleged are insufficient to establish a chronology of events from which a retaliatory motive may be plausibly inferred. As a result, plaintiff's claim of retaliation fails to state a claim upon which relief may be granted.

*Denial of Due Process*

Plaintiff also complains he was denied due process of law in connection with his disciplinary conviction.

Plaintiff does not state whether he is eligible for release on mandatory supervision. However, under the doctrines set forth in

---

[1] While retaliation is not expressly referred to in the Constitution, a claim of retaliation is actionable because retaliatory actions may tend to chill the exercise of constitutional rights by individuals. *Perry v. Sinderman*, 408 U.S. 593 (1972).

*Heck v. Humphrey*, 512 U.S. 477 (1994), and *Sandin v. Conner*, 515 U.S. 472 (1995), plaintiff's denial of due process claim fails to state a claim upon which relief may be granted, regardless of whether he is eligible for release on mandatory supervision.

    A.  *Heck v. Humphrey*

In order to recover damages for allegedly unconstitutional imprisonment, or for other harm caused by actions whose unlawfulness would render a person's imprisonment invalid, a plaintiff in a suit brought pursuant to 42 U.S.C. § 1983 must prove that the imprisonment or its duration has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Heck v. Humphrey*, *supra*. A claim for damages based on an imprisonment that has not been so invalidated does not state a cause of action under Section 1983. The principle that civil tort actions are not appropriate vehicles for challenging the validity of confinement applies to Section 1983 actions that necessarily require the plaintiff to prove the unlawfulness of his confinement. *Id*. at 2372.

As a result, when a state prisoner seeks damages in a Section 1983 suit, the court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of the conviction or sentence. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that his confinement has already been invalidated. *Id.* Even a prisoner who has fully exhausted available state remedies has no cause of action under

Section 1983 unless and until the confinement or its duration is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. *Id.* at 2373. If, however, the court determines that the plaintiff's action, even if successful, would not demonstrate the invalidity of plaintiff's confinement, the action should be allowed to proceed, in the absence of any other bar to the suit. *Id.* at 2372-73.

In Texas, prisoners who are eligible for release on mandatory supervision must be released when certain criteria are satisfied.[2] For example, prisoners eligible for release on mandatory supervision may be entitled to be released when the time they have actually served plus the good conduct time credits they have accrued equals their sentence. When the requirements for release on mandatory supervision are met, officials have no discretion as to whether or not to release a prisoner.[3]

As a result of his disciplinary conviction, plaintiff lost certain privileges and was forced to forfeit previously earned good conduct time credits. If plaintiff were to succeed on this claim,

---

[2] Not all Texas prisoners are eligible for release on mandatory supervision. Inmates convicted of certain crimes are not eligible for such release. TEX. CODE CRIM. P. ANN. art. 42.18 §8(c).

[3] In *Madison v. Parker*, 104 F.3d 765 (5th Cir. 1997), the United States Court of Appeals for the Fifth Circuit explained the distinction between release on parole and release on mandatory supervision in the Texas system. The court stated that a release on parole is a discretionary and conditional release of a prisoner so that the prisoner serves the remainder of his sentence under the supervision of the division of pardons and paroles. In contrast, a prisoner released on mandatory supervision serves the remainder of his sentence under the supervision not on parole, but still under the supervision of the pardons and paroles division. The court, citing *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995) and *Creel v. Keene*, 928 F.2d 707 (5th Cir. 1991), stated that release on parole was entirely speculative and that there was no constitutional expectancy to release on parole. The court further stated that it was unclear as to whether there was a constitutional expectancy to release on mandatory supervision when the appropriate requirements were met.

the court would be concluding that the proceeding at which he lost good conduct time credits was invalid. Such a finding would imply that plaintiff would be entitled to have the forfeited good conduct time credits restored. If plaintiff is eligible for release on mandatory supervision, restoration of such credits would entitle plaintiff to be released on mandatory supervision sooner than would otherwise be the case. As a result, a finding in plaintiff's favor would necessarily imply the invalidity of the duration of his confinement. Accordingly, plaintiff would be entitled to proceed with his claim for money damages only if the *Heck* requirements regarding a prior finding as to the invalidity of the disciplinary proceedings were satisfied. As plaintiff has not alleged that the *Heck* requirements have been satisfied, *Heck* bars him from proceeding with his claim if he is eligible for release on mandatory supervision.

    B.  *Sandin v. Conner*

In *Sandin*, the Supreme Court disapproved previous cases which "shift[ed] the focus of the liberty interest inquiry to one based on the language of a particular regulation, and not the deprivation." *Sandin*, 115 S.Ct. at 2299. The Court concluded that such an inquiry "encouraged prisoners to comb regulations in search of mandatory language on which to base entitlements to various state-conferred privileges." *Id*. The Court held that:

> [s]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interest will generally be limited to freedom from restraints which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate

in relation to the ordinary incidents of prison life. *Id*. (citations omitted).

As a general rule, only sanctions which either result in loss of good conduct time credits for inmates who are eligible for release on mandatory supervision or directly and adversely affect release on mandatory supervision parole will impose upon a liberty interest. *See Orellana v. Kyle*, 65 F.3d 29, 31-331 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 736 (1996) ("Although *Sandin* cites with approval cases in which it was held that state law could create a constitutional liberty interest in good-time credits, or release on parole, it is difficult to see that any other deprivations in the prison context ... will henceforth qualify for constitutional 'liberty' status.") (citations omitted). Losing commissary privileges, being required to perform extra duty, being reduced in the time earning class and being deprived of good conduct time credits if one is not eligible for release on mandatory supervision are not sanctions which impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 115 S.Ct. at 2299. *See also Madison v. Parker*, 104 F.3d 765 (5th Cir. 1997) (concluding: (a) imposing thirty days of commissary and cell restriction on an inmate as punishment constitutes mere changes in the condition of a prison inmate's confinement and do not implicate protected due process concerns and (b) forfeiture of good conduct time credits earned by a prisoner who is not eligible for release on mandatory supervision does not implicate a liberty interest); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) ("the mere opportunity to earn

good-time credits [does not] constitute a constitutionally cognizable liberty interest sufficient to trigger the protection of the Due Process Clause."), *cert. denied sub. nom Luken v. Johnson*, 116 S.Ct. 1690 (1996); *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir.) ("An inmate has neither a protectible property nor liberty interest in his custody classification ...."), *cert. denied*, 488 U.S. 985 (1988).

For the reasons set forth above, regardless of what punishment plaintiff received as a result of the disciplinary convictions, so long as plaintiff is not eligible for release on mandatory supervision his punishment did not implicate a protected liberty interest. Accordingly, a claim based on denial of due process in connection with the disciplinary conviction would fail to state a claim upon which relief may be granted.

*Malicious Prosecution*

Finally, as plaintiff is alleging the disciplinary case was false and based on false testimony, he is alleging he was subjected to malicious prosecution. However, there is not a freestanding claim for malicious prosecution in a case brought pursuant to 42 U.S.C. § 1983. *Castellano v. Fragozo*, 351 F.3d 939 (5th Cir. 2003). Further a claim that a proceeding was brought without probable cause or was based on false testimony does not state a claim upon which relief may be granted. *Id*. As a result, plaintiff's claim of malicious prosecution fails to state a claim upon which relief may be granted.

## Conclusion

For the reasons set forth above, plaintiff has failed to state a claim upon which relief may be granted.  A final judgment shall be entered dismissing this lawsuit.

**SIGNED** this the 6 day of **July, 2007.**

_____
Thad Heartfield
United States District Judge